**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sergio MORENO, Defendant—
Appellant.**

**No. 05–30042.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Filed April 21, 2006.

Marcia Good Hurd, Esq., USBI—Office
of the U.S. Attorney, Billings, MT, for
Plaintiff–Appellee.

E. June Lord, Esq., Great Falls, MT, for
Defendant–Appellant.

Before: BROWNING, ALARCÓN, and
KLEINFELD, Circuit Judges.

MEMORANDUM *

Sergio Moreno argues that the district
court erred by failing to suppress the evi-
dence from the search of his car. When
the officer pulled them over, Jose Tenorio
was driving the car. The officer noticed a
broken window and saw that Tenorio's

hands shook when he got his license out.
The officer got more suspicious and ob-
tained what he thought was consent to
search the car. Moreno argues that the
consent was defective because of the poor
English skills of the driver and passengers
and his own medical condition, both of
which impaired their understanding and
vitiated the consent.

The validity of a defendant's consent to
a search depends on the totality of the
circumstances and is a question of fact
reviewed for clear error.[1]

The district court held a hearing. The
traffic stop was videotaped, and the judge
watched the videotape at the hearing.
The judge found that Moreno appeared to
understand the consent form, that he
spoke plain English on the videotape, that
another passenger translated it for him
into Spanish, and that Moreno said he
understood the form. And, after the
search, Moreno told a DEA agent that he
had consented to the search because he did
not know there were drugs in the car.
The district court's finding of consent was
not clearly erroneous.

Moreno also argues that his sentence
was unreasonable. We grant a limited
remand to allow the district court to an-
swer the question whether it would have
imposed a different sentence had it viewed
the Guidelines as advisory.[2]

**AFFIRMED in part and REMAND-
ED.**

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by 9th Cir.
R. 36–3.

1. *United States v. Cormier*, 220 F.3d 1103,
1112 (9th Cir.2000).

2. *United States v. Ameline*, 409 F.3d 1073,
1079 (9th Cir.2005) (en banc).